## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ASHLEY FOSTER, ERICA MORGAN,**
**each individually and on behalf of all others**
**similarly situated**                                                                    **PLAINTIFFS**

**v.**                                          **Case No. 4:18-cv-00217-KGB**

**GRADY'S PIZZA & SUBS, INC., d/b/a**
**GRADY'S RESTAURANT**                                                           **DEFENDANT**

### ORDER

Before the Court is a joint stipulation of dismissal with prejudice filed by plaintiffs Ashley

Foster and Erica Morgan and defendant Grady's Pizza & Subs, Inc., d/b/a Grady's Restaurant

("Grady's Pizza") (Dkt. No. 25).  Ms. Foster and Ms. Morgan brought this action on behalf of

themselves and others similarly situated against Grady's Pizza pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C §§ 201, *et seq*. (Dkt. No. 1).

The parties represent that they have entered into a confidential settlement of this case and

request that the Court dismiss this case with prejudice (Dkt. No. 25, ¶ 3).  While this action was

filed as a proposed FLSA collective action, the parties inform the Court that their settlement

agreement does not purport to resolve any claims on behalf of any class (*Id.*, ¶ 4).  The parties also

state that Ms. Foster and Ms. Morgan were represented by an attorney from the beginning of the

case through the conclusion of settlement negotiations (*Id.*, ¶ 5).  The parties state that they wish

for their agreement to remain private and do not wish for any reasonableness review to occur (*Id.*,

¶ 6).

The joint stipulation of dismissal accords with the terms of Rule 41(a)(1)(A)(ii) of the

Federal Rules of Civil Procedure.  For good cause shown, the Court adopts the joint stipulation of

dismissal with prejudice (Dkt. No. 25).  Ms. Foster and Ms. Morgan's claims against Grady's Pizza

are dismissed with prejudice.  Court review of the parties' settlement agreement is unnecessary, as all agree that the parties' agreement is not binding on any potential class members, Ms. Foster and Ms. Morgan were represented by counsel throughout the course of this action, and all parties have represented to the Court that they desire to keep their settlement agreement confidential and would prefer that the Court not conduct a reasonableness review.  *See Schneider v. Habitat for Humanity International, Inc.*, Case No. 5:14-cv-5230, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015); *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012) (finding that a reasonableness review or public filing of an FLSA settlement is not necessary in all cases).

So ordered this the 22nd day of April, 2019.

Kristine G. Baker
United States District Judge

2